IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | No. 20-cv-06012<br><br>Judge John F. Kness |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

This action having been commenced by National Football League Players Association ("NFLPA" or "Plaintiff") against the Defendants identified in the attached Schedule A to the Complaint, and using the online marketplace accounts (also referred to as the "Defendant Internet Stores" or "Seller Aliases"), and NFLPA, having moved for entry of Default and Default Judgment against the Defendants identified in Schedule A to the Complaint (collectively, the "Defaulting Defendants");

This Court, having entered upon a showing by NFLPA, a Temporary Restraining Order and Preliminary Injunction against Defaulting Defendants, which included an asset restraining order;

NFLPA, having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and,

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants, since the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. In the context of similar cases, ". . . a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In the present case, Plaintiff has presented screenshot evidence that each Defaulting Defendant Internet Store is reaching out to do business with Illinois residents, by operating one or more commercial, interactive Internet Stores, through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Trademarks (the "Counterfeit/Infringing Products"). See Docket No. 8, which includes screenshot evidence, confirming that each Defaulting Defendant Internet Store does stand ready, willing, and able to ship the counterfeit goods to customers in Illinois, and the goods of which bear infringing and/or counterfeit versions of the NFLPA Trademarks, U.S. Trademark Registration Nos. 1,931,367; 2,177,629; 2,179,669; 3,882,494; 4,438,255; 5,016,378; and, 5,459,913.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

IT IS HEREBY ORDERED that National Football League Players Association's Motion for Entry of Default and Default Judgment is granted, that Defaulting Defendants are deemed in default, and that a final judgment will be entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

 a. using the NFLPA Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine NFLPA Product or not authorized by NFLPA to be sold in connection with the NFLPA Trademarks;

 b. passing off, inducing, or enabling others to sell or pass off any product as a genuine NFLPA Product or any other product produced by NFLPA, that is not NFLPA's or not produced under the authorization, control or supervision of NFLPA and approved by NFLPA, for sale under the NFLPA Trademarks;

 c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of NFLPA, or are sponsored by, approved by, or otherwise connected with NFLPA;

 d. further infringing the NFLPA Trademarks and damaging NFLPA's goodwill;

 e. otherwise competing unfairly with NFLPA in any manner;

 f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for NFLPA, nor authorized by NFLPA to be sold or offered for sale, and

which bear any of the NFLPA Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and,

    h. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the NFLPA Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof, that is not a genuine NFLPA Product, or not authorized by NFLPA to be sold in connection with the NFLPA Trademarks.

  2. Those in privity with Defaulting Defendants, and with actual notice of this Order, including any online marketplaces such as ContextLogic, Inc. ("Wish"), eBay, Inc. ("eBay"), Amazon Payments, Inc. ("Amazon"), Etsy Inc. ("Etsy"), Alipay US, Inc. ("Alipay"), iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the NFLPA Trademarks, including any accounts associated with the Defaulting Defendants listed on Schedule A, attached hereto;

  b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the NFLPA Trademarks; and

  c. take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

 3. Pursuant to 15 U.S.C. § 1117(c)(2), NFLPA is awarded statutory damages from each of the Defaulting Defendants in the amount of five hundred thousand dollars ($500,000) for willful use of counterfeit NFLPA Trademarks on products sold through at least the Defendant Internet Stores.

 4. PayPal, Wish, eBay, Amazon, Etsy, Alipay, and any other online marketplace or payment processor in privity with Defendants, shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts, or Defaulting Defendants' websites, identified on Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

 5. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by eBay, PayPal, Wish, Amazon, Etsy, Alipay, and any other payment processor, are hereby released to NFLPA as partial payment of the above-identified damages, and eBay, PayPal, Wish, Amazon, Etsy, and Alipay are ordered to release to NFLPA the amounts from Defaulting Defendants' eBay, PayPal, Wish, Amazon, Etsy, and Alipay accounts within ten (10) business days of receipt of this Order.

 6. Until NFLPA has recovered full payment of monies owed to it by any Defaulting Defendant, NFLPA shall have the ongoing authority to serve this Order on eBay, PayPal, Wish,

Amazon, Etsy, Alipay, and any other payment processor, in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, eBay, PayPal, Wish, Amazon, Etsy, and Alipay shall within ten (10) business days:

      a.      Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts or Defaulting Defendants' websites;

      b.      Restrain and enjoin such accounts or funds that are based internationally, from transferring or disposing of any money or other assets of Defaulting Defendants; and,

      c.      Release all monies restrained in Defaulting Defendants' accounts to NFLPA, as partial payment of the above-identified damages; and,

      d.      Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller Aliases shall disable and/or cease facilitating access to the Seller Aliases, including any other online marketplace accounts or seller alias names identified and/or being used and/or controlled by Defaulting Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiff's NFLPA Trademarks.

7.      Until NFLPA has recovered full payment of monies owed to it by any Defaulting Defendant, NFLPA shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within ten (10) business days:

      a.      Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts, or Defaulting Defendants' websites;

6

      b.      Restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other assets of Defaulting Defendants;

      c.      Release all monies restrained in Defaulting Defendants' financial accounts to NFLPA, as partial payment of the above-identified damages; and,

      d.      Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller Aliases shall disable and/or cease facilitating access to the Seller Aliases, including any other online marketplace accounts or seller aliases identified and/or being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiff's NFLPA Trademarks.

8.      In the event that NFLPA identifies any additional online marketplace accounts, domain names, third-party payment processors, and/or financial accounts owned by Defaulting Defendants, NFLPA may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses originally identified and served, and any e-mail addresses provided for Defaulting Defendants by third parties.

9.      The bond posted by Plaintiff in the amount of $10,000 is hereby ordered released by the Clerk to Plaintiff or Plaintiff's counsel.

10.      The Court will enter a separate final judgment order.

SO ORDERED.

Date: January 22, 2021

                                          JOHN F. KNESS
                                          United States District Judge

## SCHEDULE A TO COMPLAINT

| No. | Seller Name |
|---|---|
| 1 | itemtrust Store |
| 2 | Linbao POSTER Store |
| 3 | Bestselleramazing's booth |
| 4 | Chenlove999's booth |
| 5 | yongi_fashion |
| 6 | TMWHY's booth |
| 7 | adlshop88 |
| 8 | akagamir69 |
| 9 | alalstore |
| 10 | anlagh36 |
| 11 | bengoodon |
| 12 | bestdealsstore01 |
| 13 | bourabde_8 |
| 14 | cddf825 |
| 15 | chemi-7723 |
| 16 | dayi_9666 |
| 17 | easyshopsf |
| 18 | fashionway18 |
| 19 | fuzaibaba |
| 20 | huutu95 |
| 21 | jc-fashion2000 |
| 22 | jeisyshop |
| 23 | jiachuangtrade2018 |
| 24 | kevindesign2011 |
| 25 | YONGYI_STORE |
| 26 | kpone24144 |
| 27 | medmidstor |
| 28 | moneytree2001 |
| 29 | nova-shop97 |
| 30 | **DISMISSED** |
| 31 | phonecase18 |
| 32 | pizhuzhaposter |
| 33 | promotial |
| 34 | rongchengshiyijiafuzhuang168 |
| 35 | shop_for_ever |
| 36 | shop2_2020 |
| 37 | simsim-shop |

8

| No. | Seller Name |
|---|---|
| 38 | thi-8306 |
| 39 | tradepo990deal |
| 40 | william_bestseller |
| 41 | youneken-0 |
| 42 | foxfairy09 |
| 43 | JerseyfanStudio |
| 44 | 2019nfl |
| 45 | VIPJerseyShop |
| 46 | CHEAP JERSEYS SHOP |
| 47 | Cheapauthenticbaseballjersey |
| 48 | cheapjerseysonlinefreeshipping.us.com |
| 49 | CHEAPSHOOP |
| 50 | Cheapwholesalebasketballjerseys |
| 51 | CHEAPWHOLESALECHINA.COM |
| 52 | Official Browns Shop |
| 53 | CUSTOMSHOP29 |
| 54 | fansfavoritezone |
| 55 | Jerseys Shop |
| 56 | FEOAMO |
| 57 | **DISMISSED** |
| 58 | KAUEEOL |
| 59 | SportsCheapJerseys.us.com |
| 60 | Dolphins Store Online |
| 61 | MOHALI86 |
| 62 | FanPatriotsGear |
| 63 | NFL SHOP Cheap Jerseys |
| 64 | SPORTS SHOP |
| 65 | NFLshopwholesalejerseys |
| 66 | Oakland Raiders Official Online Store |
| 67 | officialjerseysonline |